**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 16-4248**

───────────

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

ROBIN LYNN GEORGE,

                Defendant - Appellant.

───────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00189-WO-2)

───────────

Submitted: November 3, 2016      Decided: November 10, 2016

───────────

Before KEENAN and THACKER, Circuit Judges, and DAVIS, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Louis C. Allen, Federal Public Defender, Eric D. Placke, First Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Ripley Rand, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robin Lynn George pleaded guilty to sexual exploitation of a minor by a parent for the production of child pornography, in violation of 18 U.S.C. § 2251(b), (e) (2012). The district court imposed a below-Guidelines 252-month sentence. George appeals, claiming that the sentence is substantively unreasonable. George contends that the district court's sentence exceeds the length necessary to satisfy the purposes of sentencing set forth in 18 U.S.C. § 3553(a) (2012).

We review a sentence for reasonableness under "a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 51 (2007). Reasonableness has both procedural and substantive components. Id. To evaluate substantive reasonableness, we consider "the totality of the circumstances." Id.

The court presumes reasonable the length of a downward-variance sentence. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). We may consider the extent that a sentence varies from the applicable Guidelines range, "but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." United States v. Diosdado-Star, 630 F.3d 359, 366 (4th Cir. 2011). Section 3553(a) provides that the court should consider the following factors when imposing a sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed--

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

After reviewing the record, we find that George failed to rebut the presumption of reasonableness afforded her downward-variance sentence. The district court contemplated all the mitigating factors that George cites on appeal: the unusualness of her behavior while dating the man who coerced her offenses, her susceptibility to that coercion, and her vulnerability after the death of her husband. The court also assessed the nature and circumstances of the offense without overvaluing it. Finally, the court addressed each of the four factors listed in § 3553(a)(2), sufficiently accounting for all the purposes of sentencing. Thus, the court imposed a substantively reasonable sentence.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

3

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED